IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

KATHERINE FETTERS,

                        Plaintiff,

vs.                                             Case No.

THE FRENCH'S FOOD COMPANY, LLC.,
Serve:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City MO 65101

## PETITION

**COMES NOW**, Plaintiff, Katherine Fetters, through counsel Douglas, Haun & Heidemann, P.C., and for her Petition states:

1. Plaintiff is an individual domiciled in the State of Missouri.

2. Defendant, The French's Food Company, LLC ("French's"), is a business organized in Delaware and registered with the Missouri Secretary of State to do business in Missouri. Defendant can be served by its registered agent CSC-Lawyers Incorporating Service Company at 221 Bolivar Street, Jefferson City MO 65101.

3. The acts and omissions giving rise to Plaintiff's claims occurred in Greene County, Missouri and thus venue is proper.

4. Plaintiff suffers from post-traumatic stress disorder, major depressive disorder, and anxiety disorder.

5. In July of 2018, Plaintiff officially received the above diagnoses and was prescribed medication which helped her to manage the symptoms of her conditions and allowed her to perform the necessary functions of her job.

**Exhibit A**

6. Plaintiff's diagnoses constitute a mental impairment that substantially limits one or more of Plaintiff's major life activities in that it limits her ability to concentrate, eat, breathe, think, as well as other major life activities.

7. Plaintiff was employed in the packaging department of French's Springfield, Missouri manufacturing facility.

8. Following her diagnoses, Plaintiff informed her supervisors of her condition and that she was taking medication to treat her conditions.

9. In 2018, the third-party administrator for Plaintiff's group health insurance program failed to provide Plaintiff with notice of the open enrollment period for the health plan.

10. As a result, Plaintiff was not aware of the open enrollment period and was initially unable to get her insurance coverage extended for 2019. In January of 2019, the administrator notified Plaintiff that her insurance coverage had been terminated.

11. From January to April of 2019, Plaintiff was without her insurance coverage and unable to afford her medication necessary to manager her symptoms associated with her condition.

12. As a result, Plaintiff had to miss work or leave work early during this time period to deal with her condition.

13. At the time, Defendant had a policy allowing employees similarly situated to Plaintiff to leave work early based on staffing needs for the day.

14. During the time Plaintiff did not have access to her needed medication, she felt the symptoms of her conditions coming on and she asked to leave early under the policy described above.

15. Defendant would not allow Plaintiff to leave early under this policy.

16. However, because of her conditions, Plaintiff left early or was late to work from January to April of 2019 a total of 5 times.

17. Because of her conditions, Plaintiff was absent twice from work between January and April of 2019.

18. As a result of the above referenced attendance violations, Plaintiff incurred enough violation points to meet the threshold for termination under Defendant's attendance policy.

19. Without the attendance violations between January and April 2019, Plaintiff would not have been subject to termination under the attendance policy.

20. Defendant's human resource managers met with Plaintiff on May 3, 2019 to inform her she was being terminated for violating the attendance policy.

21. During the May 3, 2019 meeting Plaintiff informed the human resource managers that her attendance issues had been the result of her inability to afford her medications and her need to be away from work while dealing with the symptoms of her conditions during the time she was unable to afford her medication.

22. Plaintiff asked that Defendant make an exception for the attendance violations that occurred between January and April 2019 since those attendance violations were the direct result of her not having her medication during that time.

23. Defendant refused this reasonable accommodation and terminated Plaintiff's employment.

24. Plaintiff filed a grievance with Defendant and again informed Defendant that her attendance violations were the result of her disabilities and her inability to afford her medication during that time period.

25. Even with this information, Defendant upheld Plaintiff's termination and refused to excuse the attendance violations between January and April of 2019.

26. As a direct result of Defendant's conduct, Plaintiff suffered damages including lost wages, mental and physical pain and suffering, and was unable to pay her bills which resulted in additional expenses and damage to her credit.

27. Plaintiff filed her charge of discrimination with the EEOC

## COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITY ACT

28. Plaintiff incorporates the preceding paragraphs as if set out fully herein.

29. At all relevant times, Defendant was a covered employer under the ADA in that its work force includes 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

30. At all relevant times, Plaintiff was a covered employee in that she was employed by a covered employer, she was qualified for her employment position and possessed a disability that substantially limits one or more of her major life functions.

31. At all relevant times, Plaintiff was a qualified individual with a disability in that she, with or without reasonable accommodation, could perform the essential functions of the employment position that she held with defendant.

32. Plaintiff filed her charge of discrimination alleging the discrimination set out herein with the EEOC and MCHR on September 11, 2019 within 300 days of all acts of discrimination herein alleged.

33. Plaintiff filed an amended charge on September 19, 2019.

34. The EEOC issued its right to sue letter to Plaintiff on September 10, 2020. A true and accurate copy of Plaintiff's right to sue letter is attached as Exhibit 1.

35. Plaintiff's claim is timely filed in that it is filed within 90 days of the right to sue letter.

36. Defendant discriminated against Plaintiff as to the terms and conditions of her employment including discipline and termination, on the basis of her disability.

37. Defendant discriminated against Plaintiff and failed to make a reasonable accommodation for Plaintiff's mental impairment and denied her employment opportunities on the basis of the need to make such reasonable accommodation.

38. Defendant discriminated against Plaintiff and retaliated against her as a result of her request for a reasonable accommodation.

39. Defendant's attendance policies had a disparate discriminatory impact on Plaintiff as a result of her disability and resulted in her discipline and termination.

40. As a result of Defendant's discrimination and violations of the ADA, Plaintiff has suffered substantial damages including loss of income, consequential damages and substantial mental and emotional distress.

41. Defendant's conduct was done intentionally or with reckless disregard for Plaintiff's rights justifying the imposition of punitive damages against Defendant to deter Defendant and others from similar conduct in the future and Plaintiff specifically prays for punitive damages.

42. Plaintiff has incurred and is incurring attorney's fees and costs in prosecuting this action.

**WHEREFORE**, Plaintiff prays this Court enter judgment against Defendant for damages, back pay, front pay, mental and emotional damages, attorney's fees, costs, and punitive damages in an amount deemed fair and reasonably by a jury and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff and demands a trial by jury on all issues so triable.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
901 E. St. Louis St., Suite 1200
Springfield MO 65806
Telephone: (417) 887-4949
Fax: (417) 887-8618
nick@dhhlawfirm.com

By /s/ Nickolas W. Allen
_____
Nickolas W. Allen
Missouri Bar No. 69582
*Attorney for Plaintiff*

DHH No. 26011-002

| EEOC Form 161-B (11/16) | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | 2031-CC01354 |
|---|---|---|
| | **NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)* | |

| To: | **Katherine Fetters**<br>1331 E. Lynn<br>Springfield, MO 65802 | From: | St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2019-01516 | **Dana M. Engelhardt,**<br>**Enforcement Manager** | (314) 798-1922 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Lloyd J. Vasquez, Jr.,
District Director

SEP 1 0 2020
*(Date Mailed)*

Enclosures(s)

cc: Catherine Infantino
Human Resources
The French's Food Company
4455 E. Mustard Way
Springfield, MO 65803

Victoria Roberts
DOUGLAS HAUN HEIDEMANN

Todd A. Johnson
Ellis, Ellis, Hammons & Johnson, P.C.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
COMMISSION ON HUMAN RIGHTS
CHARGE OF DISCRIMINATION  -AMENDED-

Enter Charge Number
[X] FEPA  E-09/19-51411
[X] EEOC  28E-2019-01516C

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

## AMENDED Missouri Commission on Human Rights and EEOC

| Name (Indicate Mr., Ms., or Mrs.) Ms. Katherine Felters | Date of Birth 01/31/1964 | Home Telephone No. (Include Area Code) none at this time (4173265261) |
|---|---|---|
| Street Address 1331 East Lynn | City, State and Zip Code Springfield, MO 65802 | County Greene |

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me (if more than one list below).

| Name French's Food Company LLC | No. of Employees/Members 15+ | Telephone No. (Include Area Code) |
|---|---|---|
| Street Address 4455 East Mustard Way | City, State, and ZIP Code Springfield, MO 65803 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State, and ZIP Code | |

Cause of Discrimination based on (Check appropriate box(es))
[ ] Race   [ ] Color   [ ] Sex
[ ] National Origin   [ ] Religion   [ ] Age
[X] Disability   [X] Retaliation   [ ] Other (Specify)

Date Discrimination took Place (Month, Day, Year)
January 2019-July 1, 2019
[X] Continuing Action

The Particulars Are (If additional space is needed, attach extra sheet(s)):
Please see the attached Exhibit A

FILED
SEP 19 2019
SEP 19 2019
MO Commission on Human Rights
MO Commission on Human Rights
Jefferson City Office
Jefferson City Office

[X] I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

x _Katherine Felters_   9-11-19
Charging Party (Signature)   Date

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

x _Katherine Felters_
Signature of Complainant

_Cindy S. Carter_   9-11-19
Subscribed and sworn to before me this date (Day, month, and Year)

CINDY S. CARTER
Notary Public-Notary Seal
State of Missouri, Christian County,
Commission # 11469277
My Commission Expires Oct. 27, 2019

MCHR-27 (08-11) AI

FILED
SEP 19 2019
MO Commission on Human Rights
Jefferson City Office

☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary to meet State and Local Requirements)

I declare under penalty of perjury that the foregoing is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

x _Katherin Fitts_  9-11-19
Charging Party (Signature)   Date

x _Katherin Fitts_
Signature of Complainant

_Cindy S. Carter_  9-11-19
Subscribed and sworn to before me this date (Day, month, and Year)

CINDY S. CARTER
Notary Public-Notary Seal
State of Missouri, Christian County
Commission # 11469277
My Commission Expires Oct. 27, 2019

MCHR-27-2 (08-11) AI

EXHIBIT A

Complainant suffers from post traumatic stress disorder, major depressive disorder, and anxiety disorder. Complainant's diagnoses constitute a physical or mental impairment that substantially limits one or more of Complainant's major life activities and/or Complainant was regarded as having such an impairment. In July of 2018, Complainant was prescribed medication which helped her to manage the symptoms of her conditions and allowed her to complete the necessary functions of her position with Respondent. Soon after receiving the medication she informed her supervisors of her diagnoses and of her medication. Complainant was able to afford her necessary medication because of her health insurance through Respondent. In 2018, the third-party administrator for Respondent's group health insurance program failed to provide Complainant with notice of its open enrollment period. As a result, Complainant was not aware of the open enrollment period and was unable to get her insurance coverage extended for 2019. In January of 2019, the administrator notified Complainant that her insurance coverage had been terminated. From January to April of 2019, Complainant was without her insurance coverage and unable to afford her medication necessary to manager her symptoms associated with her condition. As a result, Complainant would have to miss work or would have to leave work early to deal with her condition. Respondent had a program where employees in the same or similar position as Complainant could leave work early based on the staffing needs for that day. Complainant asked to be allowed to leave work early under this program in order to deal with the symptoms associated with her conditions. These requests constituted a reasonable accommodation, but Respondent would not allow Complainant to leave early under this program. Respondent terminated Complainant because of the absences she accumulated to deal with her untreated conditions. Respondent issued its initial notice to Complainant of her termination in May of 2019. Complainant appealed the termination and exhausted all of the administrative remedies available to her under Complainant's policies. On July 1, 2019, Respondent advised Complainant her appeals had been denied and that her termination was official. At all times relevant herein Complainant could perform, with or without a reasonable accommodation, the essential functions of her employment position. Respondent's discrimination against Complainant constituted a continuing violation so that this charge of discrimination is timely filed for all of Respondent's conduct identified herein.

FILED
SEP 19 2019
MO Commission on Human Rights
Jefferson City Office



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
COMMISSION ON HUMAN RIGHTS
**CHARGE OF DISCRIMINATION**

Enter Charge Number
[X] FEPA E-09/19-51411
[X] EEOC 28E-2019-01516C

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

## Missouri Commission on Human Rights and EEOC

| Name (Indicate Mr., Ms., or Mrs.) Ms. Katherine Felters | Date of Birth 01/31/1964 | Home Telephone No. (Include Area Code) none at this time (4173265261) |
|---|---|---|
| Street Address 1331 East Lynn | City, State and Zip Code Springfield, MO 65802 | County Greene |

**Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship, Committee, State or Local Government Agency who discriminated against me (if more than one list below).**

| Name Frenche's Food Company LLC | No. of Employees/Members 15+ | Telephone No. (Include Area Code) |
|---|---|---|
| Street Address 4455 East Mustard Way | City, State, and ZIP Code Springfield, MO 65803 | |
| Name | No. of Employees/Members | Telephone No. (Include Area Code) |
| Street Address | City, State, and ZIP Code | |

Cause of Discrimination based on (Check appropriate box(es))
- [ ] Race
- [ ] Color
- [ ] Sex
- [ ] National Origin
- [ ] Religion
- [ ] Age
- [X] Disability
- [X] Retaliation
- [ ] Other (Specify)

Date Discrimination took Place (Month, Day, Year)
January 2019-July 1, 2019
[X] Continuing Action

The Particulars Are (If additional space is needed, attach extra sheet(s)):
Please see the attached Exhibit A

**FILED**
SEP 11 2019
MO Commission on Human Rights
Jefferson City Office

[X] I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

x _Katherine Felters_  9-11-19
Charging Party (Signature)  Date

NOTARY – (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

x _Katherine Felters_
Signature of Complainant

_Cindy S. Carter_  9-11-19
Subscribed and sworn to before me this date (Day, month, and Year)

CINDY S. CARTER
Notary Public-Notary Seal
State of Missouri, Christian County,
Commission # 11469277
My Commission Expires Oct. 27, 2019

MCHR-27 (08-11) AI

FILED

SEP 1 1 2019

MO Commission on Human Rights
Jefferson City Office

| ☒ I want this charge filed with both the EEOC and the Missouri Commission on Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – (When necessary to meet State and Local Requirements) |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | |
| x Katherin Fitts    9-11-19<br>Charging Party (Signature)    Date | x Katherin Fitts<br>Signature of Complainant<br>Cindy S. Carter  9-11-19<br>Subscribed and sworn to before me this date (Day, month, and Year) |

CINDY S. CARTER
Notary Public-Notary Seal
State of Missouri, Christian County,
Commission # 11469277
My Commission Expires Oct. 27, 2019

MCHR-27-2 (08-11) AI

EXHIBIT A

Complainant suffers from post traumatic stress disorder, major depressive disorder, and anxiety disorder. Complainant's diagnoses constitute a physical or mental impairment that substantially limits one or more of Complainant's major life activities and/or Complainant was regarded as having such an impairment. In July of 2018, Complainant was prescribed medication which helped her to manage the symptoms of her conditions and allowed her to complete the necessary functions of her position with Respondent. Soon after receiving the medication she informed her supervisors of her diagnoses and of her medication. Complainant was able to afford her necessary medication because of her health insurance through Respondent. In 2018, the third-party administrator for Respondent's group health insurance program failed to provide Complainant with notice of its open enrollment period. As a result, Complainant was not aware of the open enrollment period and was unable to get her insurance coverage extended for 2019. In January of 2019, the administrator notified Complainant that her insurance coverage had been terminated. From January to April of 2019, Complainant was without her insurance coverage and unable to afford her medication necessary to manager her symptoms associated with her condition. As a result, Complainant would have to miss work or would have to leave work early to deal with her condition. Respondent had a program where employees in the same or similar position as Complainant could leave work early based on the staffing needs for that day. Complainant asked to be allowed to leave work early under this program in order to deal with the symptoms associated with her conditions. These requests constituted a reasonable accommodation, but Respondent would not allow Complainant to leave early under this program. Respondent terminated Complainant because of the absences she accumulated to deal with her untreated conditions. Respondent issued its initial notice to Complainant of her termination in May of 2019. Complainant appealed the termination and exhausted all of the administrative remedies available to her under Complainant's policies. On July 1, 2019, Respondent advised Complainant her appeals had been denied and that her termination was official. At all times relevant herein Complainant could perform, with or without a reasonable accommodation, the essential functions of her employment position. Respondent's discrimination against Complainant constituted a continuing violation so that this charge of discrimination is timely filed for all of Respondent's conduct identified herein.

# FILED

SEP 11 2019

MO Commission on Human Rights
Jefferson City Office



# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 2031-CC01354 |
|---|---|
| Plaintiff's/Petitioner:<br>KATHERINE FETTERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>901 EAST ST LOUIS STREET<br>SUITE 1200<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>THE FRENCHS FOOD COMPANY LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** THE FRENCHS FOOD COMPANY LLC
  **Alias:**
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**

**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| 11/13/2020 | /S/ THOMAS R. BARR BY CR |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
Printed Name of Sheriff or Server    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)

My commission expires: _____    _____
              Date                Notary Public

**Sheriff's Fees, if applicable**
Summons           $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $ 10.00
Mileage           $_____ (_____ miles @ $_____ per mile)
**Total**           $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-2533    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03010-SRB   Document 1-2   Filed 01/14/21   Page 15 of 18



DOUGLAS
HAUN
HEIDEMANN p.c.
JUSTICE. FROM EVERY ANGLE.

December 18, 2020

Tom Barr, Clerk
Greene County Judicial Center
1010 Boonville Ave
Springfield, Missouri 65802

                RE:   Katherine Fetters v The French's Food Company, LLC
                      Greene County Case #2031-CC01354
                      DHH No. 26011-002
                      DHH Client: Katherine Renee Fetters

Dear Clerk:

The summons issued to defendant on November 13, 2020 is stale. Please issue an alias summons to defendant The French's Food Company, LLC to be served via Defendant's registered agent:

                **CSC-Lawyers Incorporating Service Company**
                          **221 Bolivar Street**
                        **Jefferson City MO 65101**

If you have any questions or concerns, please do not hesitate to contact us.

                                  Yours truly,

                                  DOUGLAS, HAUN & HEIDEMANN, P.C.

                        By *Michelle Grover*
                               Michelle N. Grover, Legal Assistant

MNG

417.326.5261
417.326.2845

103 East Broadway
PO Box 117
Bolivar, MO 65613

DHHLAWFIRM.COM



IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>JASON R BROWN | Case Number: 2031-CC01354 |
|---|---|
| Plaintiff/Petitioner:<br>KATHERINE FETTERS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>NICKOLAS WILLIAM ALLEN<br>901 EAST ST LOUIS STREET<br>SUITE 1200<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>THE FRENCHS FOOD COMPANY LLC | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:** THE FRENCHS FOOD COMPANY LLC
**Alias:**
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**



**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/21/2020            /S/ THOMAS R. BARR BY CR
Date                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____        _____
                Date                      Notary Public

**Sheriff's Fees, if applicable**
Summons                 $_____
Non Est                    $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $___10.00___
Mileage                    $_____ (_____ miles @ $._____ per mile)
Total                       $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-2800**    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 6:21-cv-03010-SRB   Document 1-2   Filed 01/14/21   Page 17 of 18





Return

# IN THE 31ST JUDICIAL CIRCUIT, GREENE COUNTY, MISSOURI

FILED JAN 12 2021
FIN MAIL CIRCUIT CLERK GREENE COUNTY
RECEIVED DEC 28 2020
COLE COUNTY SHERIFF'S OFFICE

| Judge or Division: JASON R BROWN | Case Number: 2031-CC01354 |
|---|---|
| Plaintiff/Petitioner: KATHERINE FETTERS vs. | Plaintiff's/Petitioner's Attorney/Address NICKOLAS WILLIAM ALLEN 901 EAST ST LOUIS STREET SUITE 1200 SPRINGFIELD, MO 65806 |
| Defendant/Respondent: THE FRENCHS FOOD COMPANY LLC | Court Address: JUDICIAL COURTS FACILITY 1010 N BOONVILLE AVE SPRINGFIELD, MO 65802 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:** THE FRENCHS FOOD COMPANY LLC
**Alias:**
CSC LAWYERS INCORPORATING SERV
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

**COURT SEAL OF**



**GREENE COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/21/2020  /S/ THOMAS R. BARR BY CR
Date     Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: CSC Lawyers, S.L. (name) designee (title).
☐ other: _____

Served at 350 E. High (address)
in Cole (County/City of St. Louis), MO, on 12-30-2020 (date) at 800 AM (time).

Sheriff John P Wheeler     By ST Aimee Who
Printed Name of Sheriff or Server     Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____  _____
                              Date     Notary Public

**Sheriff's Fees, if applicable**
Summons      $_____
Non Est      $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $ 10.00
Mileage      $_____ (____ miles @ $____ per mile)
Total        $_____

$1306/$30

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-2800**   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo